■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVEN LASHWAY, Appellant, v GRIFFIN THOMAS, as Superintendent of Southport Correctional Facility, Respondent. [974 NYS2d 624]—

Appeal from a judgment of the Supreme Court (Hayden, J.), entered August 17, 2012 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

As relevant herein, in 1990, petitioner was under parole supervision stemming from a 1978 sentence of 5 to 15 years in prison for rape in the first degree when he was arrested and charged with three counts of rape in the second degree. After a jury found defendant guilty of these charges, he was sentenced, as a second felony offender, to three consecutive prison sentences of $3^1/2$ to 7 years. Additionally, petitioner was convicted in 2009 of assault in the third degree and received a sentence of one year in jail. While the legal date computation prepared by the Department of Corrections and Community Supervision calculates the maximum expiration date for petitioner's current commitment to be March 31, 2014, petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus claiming that he is entitled to be released because his earlier sentences have expired and proof supporting his 2009 conviction was insufficient. Supreme Court denied petitioner's application and he now appeals.

We affirm. The record fails to support petitioner's conclusory claim that his sentences for the rape in the second degree convictions is illegal or that his commitment has expired. The assertion that he was not properly credited for jail time served is belied by petitioner's legal date computation. As for petitioner's assault conviction, "habeas corpus relief is not an appropriate remedy for resolving claims that could have been . . . raised on direct appeal or in a postconviction motion" (*People ex rel. Williams v Cunningham*, 106 AD3d 1303, 1304 [2013] [internal

quotation marks and citation omitted]; *see People ex rel. Franza v Sheahan*, 100 AD3d 1315 [2012], *appeal dismissed* 20 NY3d 1032 [2013], *cert denied* 570 US —, 133 S Ct 2863 [2013]). Petitioner has failed to present a sound reason for a departure from traditional orderly procedure (*see People ex rel. Hemphill v Rock*, 95 AD3d 1579, 1579 [2012]), and we find no basis to disturb the denial of his application.

Peters, P.J., Rose, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.